**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | |
|---|---|
| **ALBERT DOUGLAS**, *individually and on behalf of a class of similarly situated individuals*, | : : : |
| Plaintiff, | : : |
| v. | :   Civil Action No. **3:17CV043** |
| **CAPITAL ONE BANK, N.A.**, Serve: Corporation Service Company, *Reg. Agent* Bank of America Center, 16th Floor 1111 East Main Street Richmond, Virginia 23219 | : : : : : : |
| Defendant. | : |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, ALBERT DOUGLAS, ("Plaintiff"), individually and on behalf of a class of similarly situated individuals, by counsel, and for his Complaint against the Defendant, he alleges as follows:

**PRELIMINARY STATEMENT**

1.   This is a class action complaint prosecuted for the Defendant's violations of the Federal Equal Credit Opportunity Act (ECOA), 15 U.S.C. §1691, *et seq.* and the Equal Credit Opportunity Act (VECOA), Code of Virginia §59.1-21.19, *et seq.*  The Defendant accepts and processes consumer credit applications and takes adverse actions against consumers. However, rather than providing consumers with the specific reasons for the adverse action taken as required by the ECOA and VECOA, Defendant purposely misrepresents and omits certain information, including the consumer reporting agency that supplied Defendant with the adverse information. Disclosure of the specific reasons for the adverse action, including a true

representation regarding the source of the adverse information, is vital so that credit reporting errors that originate at the source can be corrected, and so the person knows the specific person who furnished information about them to the creditor.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1691e.

3. Venue is proper in this District and Division because a substantial part of the events and omissions giving rise to the claim occurred in this District and Division and both Parties reside in this District and Division.

## PARTIES

4. Plaintiff, Albert Douglas, is a natural person, resident of the Richmond Division and is a "person" as defined by Code of Virginia §59.1-21.19 and an "applicant" for the purposes of the ECOA and VECOA.

5. Defendant Capital One Bank, N.A. ("Defendant") is a national bank and is a "Creditor" for the purposes of the ECOA and VECOA.

## FACTS

### *Plaintiff's Experience*

6. In the summer of 2016, Plaintiff applied for a home equity loan in the amount of $45,000 from Capital One. The loan was for Plaintiff's personal and household use.

7. Plaintiff is a 100% disabled, veteran who needed to obtain additional funds since he is retired and on a fixed income.

8. He was pre-approved after he provided his retirement income information and Defendant obtained his conventional credit reports.

9. By all accounts, the process was going smoothly and he was able to lock in a low, fixed rate loan that had reasonable monthly payments.

10. However, on or around July 7, 2016, Plaintiff received a Statement of Credit Denial, Termination or Change ("Adverse Action Notice") indicating that his loan was being denied.

11. The Adverse Action Notice indicated that the principal reason for the denial was that credit reporting agencies Equifax and Experian had reported that he had filed bankruptcy.

12. The Plaintiff immediately knew something was wrong because he had not filed for a bankruptcy or obtained a bankruptcy discharge in the past ten years. Further, Experian and Equifax did not list a bankruptcy in his credit file and the reports that he had seen before receiving this notice.

13. Additionally, he had not filed for or been a party to any bankruptcy for the preceding ten years.

14. Plaintiff deduced that either the reason for the denial of the loan was in error.

15. Plaintiff immediately contacted Capital One to determine if this was in error. He spoke with employee Christina Grimes who confirmed that this statement of reason for the denial was inaccurate and in fact, Capital One had denied the loan because it received information from third party Lexis Nexis.

16. He followed up with a letter to Grimes as the address provided for Capital One on the Adverse Action Notice.

17. To date, he has not received a response.

18. Plaintiff then contacted Lexis Nexis and inquired whether any consumer reports provided about him would contain bankruptcy information. He was informed that only Accurint would have that information, so he requested to see a copy of that consumer report.

19. On or about August 22, 2016, he received a copy of his Accurint report.

20. His Accurint report contained his name, date of birth, social security number, address history, approximate household income, years of education, and information on previous bankruptcies he had filed. Specifically, it listed a bankruptcy that had been filed on October 12, 2005 and discharged on February 7, 2006. Additionally, there were other bankruptcies that were filed and disposed of in the 1990s.

21. Upon information and belief, Plaintiff alleges that it was the policy of Capital One to take adverse action against other consumers because of Accurint data without disclosing an adequate, specific or truthful reason for the adverse action.

22. Upon information and belief, Capital One uses Accurint data for fraud verification and thus the finding of a bankruptcy or other inconsistent information between an Accurint report and a consumer's application is the real reason for these denials.

### COUNT ONE: VIOLATION OF EQUAL CREDIT OPPORTUNITIY ACT
### 15 U.S.C. § 1691(d)
### Class Claim

23. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

24. **The ECOA Class**. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this action individually and on behalf of a class initially defined as follows:

> All natural persons who applied for credit to Capital One within the preceding five years to whom Capital One did not offer credit on substantially the same terms as requested, or at all, and to whom Capital One provided an ECOA adverse action notice that omitted that data in an Accurint report was the basis, in whole

4

or in part, for any adverse action against the consumer.

25. **Numerosity, Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the class is so numerous that joinder all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice. The Fourth Circuit has held that classes consisting of as few as 18 members will satisfy the numerosity requirement. Defendant's procedure for generation of the subject form letter appear automated and systemic evidencing a likelihood that Defendant had sent at least 40 such letters during the last five years.

26. **Common Questions of Law and Fact, Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class. These questions predominate over the questions affecting only individual members. These include, by example only and without limitation:

   a. Whether the explanation for an adverse action in Capital One form letter is sufficiently specific under the ECOA/VECOA if it omits that the reason for the denial was information received from Accurint that was in whole or in part the basis for any adverse action from the consumer; and

   b. Whether Capital One's violation of the ECOA/VECOA was willful.

27. **Typicality, Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. Plaintiff is entitled to relief under the same causes of action as other members of the putative class.

28. **Adequacy of Representation, Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative class because: his interests coincide with, and are not antagonistic

to, the interests of the members of the putative class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of the members of the putative class will be fairly and adequately protected by Plaintiff and his counsel.

29. **Injunctive and Declaratory Relief Appropriate for the Class, Fed. R. Civ. P. 23(b)(2).** Class certification is appropriate, because Capital One has acted on grounds generally applicable to the class, making appropriate equitable declaratory and injunctive relief with respect to Plaintiff and the putative class members.

30. As alleged above, Defendant failed to provide an adequate, truthful and specific statement of reasons for taking adverse action in violation of the ECOA, 15 U.S.C. §1691(d).

31. As a result of Defendant's conduct, Plaintiff and the class members suffered concrete and particularized injuries, including informational injuries and deprivation of the opportunity to meaningfully challenge Defendant's adverse actions.

32. Based on the Defendant's failure to provide a notice appropriate under the ECOA, the Plaintiffs and the putative class members are further entitled to declaratory and injunctive relief pursuant to Rule 23(b)(2) requiring that Capital One provide an appropriate notice with the reason for denial of credit to the Plaintiff and the putative class members; that Capital One be ordered to comply with the ECOA notice provisions in all future similar transactions; and a declaration that the Defendant did violate the ECOA for each class member.

### COUNT TWO: VIRGINIA EQUAL CREDIT OPPORTUNITY ACT
#### Code of Virginia §59.1-21.21:1(D)
#### Class Claim

33. Plaintiff incorporates the paragraphs above as if fully set out herein.

6

34. **The Virginia ECOA Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this claim for himself and on behalf of a subclass within the putative ECOA class ("the Virginia ECOA class") of similarly situated individuals initially defined as follows:

> All natural persons who applied for credit to Capital One within the preceding four years and who at that time had their mailing address within the Commonwealth of Virginia and to whom Capital One did not offer credit on substantially the same terms as requested, or at all, and to whom Capital One provided a VECOA adverse action notice that omitted that any adverse action was based in whole or in part on an Accurint report.

35. **Numerosity, Fed. R. Civ. P 23(a)(1).** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Capital One and the class members may be notified of the pendency of this action by published and/or mailed notice.

36. **Predominance of Common Questions of Law and Fact, Fed. R. Civ. P. 23(a)(2).** Common questions of law and fact exist as to all members of the putative class. These questions predominate over the questions affecting only individual members and include those alleged in Count One.

37. **Typicality, Fed. R. Civ. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each putative class member. Plaintiff is entitled to relief under the same causes of action as other members of the putative class.

38. **Adequacy of Representation, Fed. R. Civ. P. 23(a)(4).** Plaintiff is an adequate representative of the putative class because: his interests coincide with, and are not antagonistic to, the interests of the members of the putative class he seeks to represent; he has retained counsel competent and experience in such litigation; and he intends to prosecute this action

vigorously. The interests of members of the putative class will be fairly and adequately protected by Plaintiff and his counsel.

39. **Superiority, Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the putative class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive give the number of individuals affected by Capital One's actions. Even if the members of the class themselves could individually afford such litigation; it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Capital One's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based on a single set of proof in a case.

40. **Relief Appropriate for the Class, Fed. R. Civ. P. 23(b)(2).** Class certification is appropriate, because Capital One has acted on grounds generally applicable to the class, making appropriate equitable declaratory and injunctive relief with respect to Plaintiff and the putative class members.

41. The Defendant willfully and intentionally violated the VECOA, Code of Virginia §59.1-21.21:1(D) by taking an adverse action against the Plaintiff's application for credit without providing the Plaintiff with a legally adequate specific written statement of the reasons for such action.

42. As a result of Defendant's conduct, Plaintiff and the class members suffered concrete and particularized injuries, including informational injuries and deprivation of the opportunity to meaningfully challenge Defendant's adverse actions.

43. Based on the Defendant's failure to provide a notice appropriate under VECOA to members of the putative class and for its failure to identify the reasons for denial of credit to the members of the putative class, the Defendant is liable to the Plaintiff and each of the putative class members for statutory punitive damages of $10,000.00 and attorneys' fees and costs.

WHEREFORE, Plaintiff moves for judgment against the Defendant for himself and on behalf of the defined classes against the Defendant as alleged for statutory damages; for equitable and injunctive relief; and for attorneys' fees and costs and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,
**ALBERT DOUGLAS**

By:__/s/ Kristi C. Kelly_____
     Counsel

Kristi Cahoon Kelly, VSB #72791
Andrew J. Guzzo, VSB #82170
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA  22030
(703) 424-7570 – Telephone
(703) 591-0167 – Facsimile
E-mail:  kkelly@kellyandcrandall.com
E-mail:  aguzzo@kellyandcrandall.com

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB # 89736
Elizabeth Hanes, VSB # 75574
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J Clyde Morris Boulevard, Suite 1A
Newport News, Virginia 23601

Telephone: 757-930-3660
Fax: 757-930-3660
Email: lenbennett@clalegal.com
Email: craig@clalegal.com
Email: elizabeth@clalegal.com

*Counsel for Plaintiff*